IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEGRATED HEALTH SERVICES, INC., _et al._ | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Case Nos. 00-389 through 826 (MFW) Jointly Administered |
| FSQ, INC. F/K/A FIVE STAR QUALITY CARE, INC. _et al._, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Adv. Proc. No. 02-5193 |
| INTEGRATED HEALTH SERVICES, INC. _et al._ Defendants. | ) ) ) ) ) | Related to Docket Nos. 45 and 119 |

**APPELLANTS' DESIGNATION OF RECORD AND STATEMENT
OF ISSUES PURSUANT TO FEDERAL RULES OF APPELLATE
PROCEDURE 6 AND 10 AND BANKRUPTCY RULE 8006**

Appellants FSQ, Inc., _f/k/a_ Five Star Quality Care, Inc., Five Star Quality Care-Colorado, LLC, _f/k/a_ SHOPCO-Colorado, LLC, Five Star Quality Care-GA, LLC, _f/k/a_ SHOPCO-GA, LLC, Five Star Quality Care-IA, LLC, _f/k/a_ SHOPCO-IA, LLC, Five Star Quality Care-IA, Inc., _f/k/a_ SNH-Iowa, Inc., Five Star Quality Care-MI, LLC, _f/k/a_ SHOPCO-MI, LLC, Five Star Quality Care-NE, LLC, _f/k/a_ SHOPCO-NE, LLC, Five Star Quality Care-NE, Inc. _f/k/a_ SNH-Nebraska, Inc., (collectively "FSQ"), by their attorneys, having filed a Notice of Appeal on January 16, 2007, under 28 U.S.C. §158(a) from the judgments, orders or decrees of the Bankruptcy Court entered in the above-captioned adversary proceeding on: (1) December 30, 2003, granting the Motion to Dismiss filed by the United States Department of Health and Human Services ("HHS") in response to FSQ's Complaint in such adversary proceeding; and (2) January 9, 2007, granting the Motion for Summary Judgment filed by IHS Liquidating LLC

and its related entities (collectively, the "IHS Defendants"), designate the following items for

inclusion in the record on appeal and sets forth a statement of issues to be presented on appeal:

## I.    Designation of Content of Record on Appeal

| | **Pleadings** | **Description** |
|---|---|---|
| | | Adversary Proc. No. 02-5193 |
| 1. | | Copy of Docket |
| 2. | Adv. Proc. Docket No. 18[1] | First Amended Complaint entered 3/17/2003 |
| 3. | Adv. Proc. Docket No. 20 | Motion to Dismiss Adversary Proceeding filed by the United States of America/Department of Health and Human Services, entered 4/21/03 |
| 4. | Adv. Proc. Docket No. 23 | Motion to Dismiss Adversary Proceeding *Memorandum in Support* Filed by United States of America/Dept. of Health and Human Services, entered 4/21/03 |
| 5. | Adv. Proc. Docket No. 24 | Plaintiffs' Opposition to Defendant United States of America's Motion to Dismiss, entered 5/5/03. |
| 6. | Adv. Proc. Docket No. 25 | Defendant United States of America's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss, entered 5/19/03. |
| 7. | Adv. Proc. Docket No. 26 | Defendant's Motion to Dismiss the First Amended Complaint Under F.R.Civ. P. Rule 12(b)(6) and F.R.B.P. Rule 7012(b), entered 5/19/03 |
| 8. | Adv. Proc. Docket No. 28 | Plaintiff's Opposition to Debtors' Motion to Dismiss Complaint, entered 6/6/03 |

---

[1]    From U.S. Bankruptcy Court, District of Delaware, Adversary Proceeding No. 02-05193-MFW.

| | | |
|---|---|---|
| 9. | Adv. Proc. Docket No. 30 | (Corrected) Plaintiffs' Motion for Leave to File Surreply to Defendant United States of America (captioned corrected), entered 6/10/03. |
| 10. | Adv. Proc. Docket No. 31 | (GRANTED) Order Granting Motion for Leave to File Surreply to Defendant United States of America, entered 6/11/03. |
| 11. | Adv. Proc. Docket No. 33 | Debtor's Reply Memorandum of Law in Support of Motion to Dismiss First Amended Complaint, entered 6/25/03. |
| 12. | Adv. Proc. Docket No. 35 | Plaintiffs' Surreply to Defendant United States of America, entered 6/27/03. |
| 13. | Adv. Proc. Docket No. 36 | Memorandum of Law Defendant United States of America's Reply to Plaintiffs' Surreply, entered 6/27/03. |
| 14. | Adv. Proc. Docket No. 37 | Plaintiff's Motion for Leave to File Surreply in Support of its Opposition to Debtors' Motion to Dismiss and to Strike the Hearing Scheduled by Debtors for July 21, 2003 on the Motion to Dismiss, entered 7/7/03 |
| 15. | Adv. Proc. Docket No. 38 | Debtor-Defendants' Opposition to Plaintiff's Motion for Leave to File Surreply Brief, or in the Alternative, CrossMotion for Leave to File Rejoinder Brief, entered 7/8/03 |
| 16. | Adv. Proc. Docket No. 39 | Defendant United States of America's Certification of Completion of Briefing on Defendant's Motion to Dismiss, entered 7/9/03. |
| 17. | Adv. Proc. Docket No. 41 | Letter *Pursuant to D. Del. LR. 7.1.2(c)* Filed by United States of America/Dept. of Health and Human Services, entered 9/3/03. |
| 18. | Adv. Proc. Docket No. 42 | Letter of Recent Decision regarding pending Motion to Dismiss Filed by U.S. Department of Justice, Civil Division, entered 9/4/03. |

| 19. | Adv. Proc.<br>Docket No.<br>43 | Response to Plaintiffs' Brief Response To<br>United States Department Of Justice's<br>Citation To Alleged Subsequent Authority,<br>entered 9/9/03. |
|---|---|---|
| 20. | Adv. Proc.<br>Docket No.<br>44 | Memorandum Opinion, entered 12/30/03. |
| 21. | Adv. Proc.<br>Docket No.<br>45 | Order [GRANTING] the Motion of the<br>United States Department of Health and<br>Human Services to Dismiss the Complaint<br>Filed Against it by FSQ, entered 12/30/03. |
| 22. | Adv. Proc.<br>Docket No.<br>46 | Notice of Appeal. filed by FSQ, Inc., f/k/a<br>Five Star Quality Care, Inc., entered 1/9/04. |
| 23. | Adv. Proc.<br>Docket No.<br>48 | Motion for Leave to Appeal *Federal Rule of*<br>*Bankruptcy Procedure 8003 Motion for*<br>*Leave to Appeal* w/Proposed Order thereon<br>filed by FSQ, Inc., f/k/a Five Star Quality<br>Care, Inc., entered 1/9/04. |
| 24. | Adv. Proc.<br>Docket No.<br>49 | Motion for Leave *Plaintiffs' Motion For*<br>*Leave To File Plaintiffs' Further*<br>*Memorandum in Support of Its Opposition*<br>*to Debtors' Motion to Dismiss Complaint*<br>Filed by FSQ, Inc., f/k/a Five Star Quality<br>Care, Inc., entered 1/22/04. |
| 25. | Adv. Proc.<br>Docket No.<br>50 | Order Granting Motion for Leave to File<br>Plaintiffs' Further Memorandum in Support<br>of Its Opposition to Debtors' Motion to<br>Dismiss Complaint, entered 1/23/04 |
| 26. | Adv. Proc.<br>Docket No.<br>51 | Plaintiffs' Further Memorandum In Support<br>Of Its Opposition To Debtors' Motion To<br>Dismiss Complaint filed by FSQ, Inc., f/k/a<br>Five Star Quality Care, Inc., entered<br>1/26/04. |
| 27. | Adv. Proc.<br>Docket No.<br>52 | IHS Liquidating LLC's Motion for Leave to<br>Respond to Plaintiffs' Further<br>Memorandum, entered 1/29/04. |

| | | |
|---|---|---|
| 28. | Adv. Proc. Docket No. 54 | Plaintiff's Opposition To IHS Liquidating LLC's Motion for Leave to Respond to Plaintiffs' Further Memorandum, entered 1/29/04 |
| 29. | Adv. Proc. Docket No. 55 | Order Granting IHS Liquidating LLC's Motion for Leave to Respond to Plaintiffs' Further Memorandum, entered 2/2/04. |
| 30. | Adv. Proc. Docket No. 56 | IHS Liquidating LLC's Response to Plaintiffs' Further Memorandum, entered 2/3/04. |
| 31. | Adv. Proc. Docket No. 57 | Transmittal of Record on Appeal to U.S. District Court, entered 2/11/04. |
| 32. | Adv. Proc. Docket No. 59 | Memorandum Opinion DENYING Debtors' Motion to Dismiss First Amended Complaint filed by Five Star Quality Care, Inc., entered 2/24/04. |
| 33. | Adv. Proc. Docket No. 60 | Order DENYING Debtors' Motion to Dismiss First Amended Complaint, entered 2/24/04. |
| 34. | Adv. Proc. Docket No. 61 | Motion of IHS Liquidating LLC for Reconsideration, Amendment and/or Clarification of Order Denying Defendant's Motion to Dismiss, entered 3/5/04. |
| 35. | Adv. Proc. Docket No. 64 | Amended Memorandum Opinion, entered 3/24/04. |
| 36. | Adv. Proc. Docket No. 65 | Amended Order, entered 3/24/04. |
| 37. | Adv. Proc. Docket No. 66 | Answer of Defendants Integrated Health Services, Inc., ECA Holdings, Inc. Community Care of Nebraska, Inc., Marietta/SCC, Inc., Glenwood/SCC, Inc., Dublin/SCC, Inc., College Park/SCC, Inc., IHS Acquisition No. 112, Inc., and IHS Acquisition No. 113, Inc. |

| 38. | Adv. Proc. Docket No. 68 | Answer on Behalf of Defendants Integrated Health Services, Inc., ECA Holdings, Inc. Community Care of Nebraska, Inc., Marietta/SCC, Inc., Glenwood/SCC, Inc., Dublin/SCC, Inc., College Park/SCC, Inc., IHS Acquisition No. 112, Inc., and IHS Acquisition No. 113, Inc., entered 4/5/04 |
|---|---|---|
| 39. | Adv. Proc. Docket No. 87 | Plaintiffs' Motion for Summary Judgment . |
| 40. | Adv. Proc. Docket No. 88 | Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment , entered 6/17/05. |
| 41. | Adv. Proc. Docket No. 89 | Declaration of Gayle P. Ehrlich in Support of Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment together with COS (w/Exhibits No. 1-2), entered 6/17/05. |
| 42. | Adv. Proc. Docket No. 90 | Declaration of Evrett W. Benton in Support of Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment together with COS (w/Exhibits No. 1-7), entered 6/17/05. |
| 43. | Adv. Proc. Docket No. 91 | Cross Motion For Summary Judgment *of IHS Defendants* Filed by Integrated Health Services, Inc., entered 7/20/05. |
| 44. | Adv. Proc. Docket No. 92 | Defendants Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Cross-Motion of IHS Defendants for Summary Judgment , entered 7/20/05. |
| 45. | Adv. Proc. Docket No. 93 | Appendix with all exhibits, entered 7/20/05. |
| 46. | Adv. Proc. Docket No. 94 | Appendix with all exhibits, entered 7/20/05. |

| 47. | Adv. Proc. Docket No. 95 | Cross Motion For Summary Judgment *of IHS Defendants (CORRECTED), entered 7/21/05.* |
|---|---|---|
| 48. | Adv. Proc. Docket No. 96 | Corrected IHS Defendants Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Cross-Motion of IHS Defendants for Summary Judgment, entered 7/21/05. |
| 49. | Adv. Proc. Docket No. 98 | Plaintiffs' Memorandum of Law in Opposition to the IHS' Defendants' Cross-Motion for Summary Judgment and in Support of Plaintiffs' Motion for Summary Judgment, entered 8/22/05. |
| 50. | Adv. Proc. Docket No. 99 | Defendant's Reply Memorandum of Law in Support of Defendants' Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment, entered 9/9/05. |
| 51. | Adv. Proc. Docket No. 100 | Withdrawn Notice of Completion of Briefing on Plaintiffs' Motion for Summary Judgment filed by FSQ, Inc., entered 10/28/05. |
| 52. | Adv. Proc. Docket No. 101 | Notice of Completion of Briefing on Defendant's Motion for Summary Judgment filed by IHS (Modified on 12/9/05), entered 11/8/05. |
| 53. | Adv. Proc. Docket No. 102 | Notice of Withdrawal of Notice of Completion of Briefing on Plaintiffs' Motion for Summary Judgment filed by FSQ, Inc., entered 12/8/05. |
| 54. | Adv. Proc. Docket No. 104 | Order Granting FSQ's Motion for Leave to File an Appeal, entered 12/19/05. |
| 55. | Adv. Proc. Docket No. 106 | Plaintiffs' Motion for Leave to File (A) Plaintiffs' Further Reply in Support of Motion for Summary Judgment and in Response to Defendants' Cross-Motion for Summary Judgment; and (B) Supplemental Declaration, entered 7/28/06. |

- 7 -

56.  Adv. Proc.     COURT ORDER:  1. Granting Plaintiffs'
     Docket No.     Motion for Leave to File
     107            Plaintiff's Further Reply in Support of
                    Motion for Summary Judgment and in
                    Response to Defendants' Cross-Motion for
                    Summary Judgment and Supplemental
                    Declaration, and
                    2. FSQ Entities may file the Further Reply
                    and the Supplemental Declaration, entered
                    7/31/06.

57.  Adv. Proc.     Plaintiffs' Further Reply in Support of
     Docket No.     Motion for Summary Judgment and in
     109            Response to Defendants' Cross-Motion for
                    Summary Judgment, entered 7/31/06.

58.  Adv. Proc.     Supplemental Declaration of Everett Benton
     Docket No.     in Support of Memo of Law in Support of
     110            Plaintiffs' Motion for Summary Judgment
                    and Notice of E Filing, entered 7/31/06.

59.  Adv. Proc.     Notice of Completion of Briefing on
     Docket No.     Plaintiffs' Motion for Summary Judgment,
     111            entered 8/2/06.

60.  Adv. Proc.     Defendants' Motion for Order
     Docket No.     Reconsidering 7/31/06 Ex Parte Order
     112            Authorizing Plaintiffs to file Further Reply
                    Briefs and Supplemental Declaration and
                    Striking Plaintiffs' Further Reply and
                    Supplemental Declaration, entered 8/10/06.

61.  Adv. Proc.     FSQ's Opposition to Defendants' Motion
     Docket No.     for Order Reconsidering 7/31/06 Ex Parte
     113            Order Authorizing Plaintiffs to file Further
                    Reply Briefs and Supplemental Declaration
                    and Striking Plaintiffs' Further Reply and
                    Supplemental Declaration, entered 8/24/06.

62.  Adv. Proc.     Notice of Completion of Briefing Re:
     Docket No.     Docket No. 112, entered 8/30/06.
     114

63.  Adv. Proc.     Order, entered 9/6/2006.
     Docket No.
     115

| 64. | Adv. Proc.<br>Docket No.<br>117 | Affidavit/Declaration of Service *of Thomas Hartzell, Regarding Order Denying Motion for and Order (I) Reconsidering the Court's July 31, 2006 Ex Parte Order Authorizing the Plaintiffs to File Further Reply Brief and Supplemental Declaration and (II) Striking Plaintiffs' Further Reply and Supplemental Declaration*, entered 9/12/06 |
|---|---|---|
| 65. | Adv. Proc.<br>Docket No.<br>118 | Opinion DENYING Motion of FSQ, Inc., for Summary Judgment and GRANTING Motion of IHS Liquidating LLC for Summary Judgment, entered 1/9/07 |
| 66. | Adv. Proc.<br>Docket No.<br>119 | Order DENYING Motion of FSQ, Inc., for Summary Judgment and GRANTING Motion of IHS Liquidating LLC for Summary Judgment, entered 1/9/07. |
| 67. | Adv. Proc.<br>Docket No.<br>120 | Order DENYING Defendants' Motion for an Order Reconsidering the Court's July 31, 2006 Ex Parte Order and Striking Plaintiffs' Further Reply and Supplemental Declaration, entered 1/9/07. |
| 68. | Adv. Proc.<br>Docket No.<br>121 | Notice of Appeal . Fee Amount $255. (related document(s)119, 45 ) Filed by FSQ, Inc., f/k/a Five Star Quality Care, Inc.., entered 1/16/07. |
| 69. | Adv. Proc.<br>Docket No.<br>123 | Affidavit/Declaration of Service *of Thomas Hartzell, Regarding Opinion DENYING Motion of FSQ, Inc., for Summary Judgment and GRANTING Motion of IHS Liquidating LLC for Summary Judgment, Order DENYING Motion of FSQ, Inc., for Summary Judgment and GRANTING Motion of IHS Liquidating LLC for Summary Judgment and Order DENYING Defendants' Motion for an Order Reconsidering the Court's July 31, 2006 Ex Parte Order and Striking Plaintiffs' Further Reply and Supplemental Declaration, entered 1/19/07.* |

| **Pleadings** | **Description** |
|---|---|
| | Jointly Administered Case No. 00-389 (MFW) |
| 70. | Copy of Docket |
| 71. Chapter 11 Case Docket No. 125 | Stipulation Between The United States Department of Health & Human Services & Debtors, entered 2/11/2000 |
| 72. Chapter 11 Case Docket No. 358 | Order Signed and Located in Original Document Approving Stipulation Re: Item #125, entered 3/6/2000 |
| 73. Chapter 11 Case Docket No. 819 | Motion for Order (i) Approving Settlement Agreement w/Senior Housing Properties Trust & Related Entities; (ii) Authorizing Sale of Rights & Interests in Certain Real & Personal Property, Free & Clear of All Liens, Claims, Encumbrances & Interests; (iii) Authorizing Assumption & Assignment of Certain Executory Contracts & Unexpired Leases; (iv) Determining Such Transfers are Exempt from any Stamp, Transfer, Recording, or Similar Tax; & (v) Granting Related Relief, Including, a Prohibition Against Recourse, entered 4/13/2000 |
| 74. Chapter 11 Case Docket No. 819 | Notice of Motion and Hearing, entered 4/13/2000 |
| 75. Chapter 11 Case Docket No. 819 | Motion to Limit Notice & Approve Form & Manner of Notice, entered 4/13/2000 |

| 76. | Chapter 11 Case Docket No. 819 | Certification of No Objection, entered 4/13/2000 |
|---|---|---|
| 77. | Chapter 11 Case Docket No. 822 | Affidavit of Service Re: Item #798, entered 4/13/2000 |
| 78. | Chapter 11 Case Docket No. 968 | Objection to Motion to Approve Settlement Agreement w/Senior Housing Properties Trust, et al, filed by Department of Justice, entered 4/25/2000 |
| 79. | Chapter 11 Case Docket No. 1173 | Motion to Reject That Certain Management Agreement Between IHS Acquisition No. 175 & Advisors Healthcare Group, Inc.; Affidavit of Daniel Booth in Support of Application; Notice of Motion and Hearing; Motion to Limit Notice & Approve Form & Manner of Notice, entered 5/11/2000 |
| 80. | Chapter 11 Case Docket No. 1751 | Supplemental Submission: (A) In Support of Motion for Order Inter Alia, Approving Settlement Agreement w/Senior Housing Properties Trust & Related Entities; (B) In Response to Objection filed by Richard Wolfe, Individually & on Behalf of Buchanan/SCC, Inc., entered 6/30/2000 |
| 81. | Chapter 11 Case Docket No. 1752 | Notice of Filing Supplemental Documents; entered 6/30/2000 |
| 82. | Chapter 11 Case Docket No. 1753 | Stipulation Among Debtors, SNH Entities & the U.S. Dept./Health & Human Services Regarding Treatment of Medicare Provider Agreement Pertaining to Certain "Transfer Facilities" & Order Thereon, entered 6/30/2000 |

| | | |
|---|---|---|
| 83. | Chapter 11 Case Docket No. 1754 | Amendment to Settlement Agreement, entered 6/30/2000 |
| 84. | Chapter 11 Case Docket No. 1836 | Order Signed (i) Approving Settlement Agreement w/ Senior Housing Properties Trust & Certain Related Entities; (ii) Authorizing Sale to Senior Housing Properties Trust and Certain Related Entities of Rights & Interests in Certain Real & Personal Property Free & Clear of All Liens, Claims, Encumbrances, & Interests; (iii) Authorizing Assumption & Assignment of Certain Executory Contracts & Unexpired Leases; (iv) Determining Such Transfers are Exempt from Any Stamp, Transfer, Recording, or Similar Tax; & (v) Granting Related Relief, Including, A Prohibition of Recourse Re: Item #819, entered 7/7/2000 |
| 85. | Chapter 11 Case Docket No. 1837 | Order Re: Item #1836, entered 7/7.2000 |
| 86. | Chapter 11 Case Docket No. 9273 | Disclosure Statement for Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and Its Subsidiaries dated March 13, 2003, entered 4/3/2003 |
| 87. | Chapter 11 Case Docket No. 9285 | Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code, entered 4/4/2003 |
| 88. | Chapter 11 Case Docket No. 9654 | Findings of Fact, Conclusions of Law and Order Under 11 U.S.C. Section 1129(a) and (b) and Fed.R.Bankr.P. 3020 Confirming Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code, together with all attachments, entered 5/12/2003 |

| 89. | Chapter 11 Case Docket No. 9381 | Plan Supplement for Amended Joint Plan of Reorganization, together with all exhibits, dated as of April 16, 2003, entered 4/16/2003 |
| 90. | Chapter 11 Case Docket No. 9382 | Plan Supplement for Amended Joint Plan of Reorganization, together with all exhibits, dated as of April 16, 2003, entered 4/16/2003 |

### Additional Documents

| 91. | | Settlement Agreement by and between Senior Housing Properties Trust et al. and Integrated Health Services et al., dated April 11th 2000, together with each and every attachment thereto, including without limitation Management and Servicing Agreement (Exhibit C) |
| 92. | | Amendment to Settlement Agreement dated as of June 29, 2000 |
| 93. | | Management and Servicing Agreement (as executed), dated as of July 10, 2000 |
| 94. | | Letter Agreement by and between Senior Housing Properties Trust et al. and Integrated Health Services, Inc. et al, dated October 10, 2001 |

## II.    Issues Presented on Appeal

1.    Did the Bankruptcy Court commit reversible error by granting HHS' Motion to Dismiss (the "HHS' Motion to Dismiss")?

2.    In granting HHS' Motion to Dismiss, did the Bankruptcy Court commit reversible error by failing to apply the appropriate standard for determining the sufficiency of the allegations of the Complaint to state a claim for relief, where the Bankruptcy Court reached outside the boundaries of the Complaint to make its determination?

3.    In granting HHS' Motion to Dismiss, even if matters outside the Complaint had been placed in issue (which they were not), before treating the motion as one for summary judgment the Bankruptcy Court was obligated under the rule to give all parties "reasonable opportunity to present all material made pertinent to" a Rule 56 summary judgment motion. Did the Bankruptcy Court commit reversible error by failing to give the FSQ a reasonable opportunity to present all material made relevant by the Bankruptcy Court's decision to reach outside the four corners of the Compliant to find the basis for its decision?

4.    In granting HHS' Motion to Dismiss did the Bankruptcy Court commit reversible error by concluding that the payments due FSQ had been compromised or set off against certain alleged claims of HHS under the False Claims Act on purported evidence which has no basis in the record and which is inconsistent with the positions taken and consistently maintained by HHS and the IHS Defendants in their briefs?

5.    In granting HHS' Motion to Dismiss, did the Bankruptcy Court commit reversible error by interpreting the Stipulation among Debtors, SNH Entities and the United States Department of Health and Human Services Regarding Treatment of Medicare Provider Agreements Pertaining to Certain Facilities and Order Thereon (the "Stipulation") to find that the United States/HHS held a valid claim under the False Claims Act pursuant to paragraph 11 of the Stipulation?

6.    In granting HHS' Motion to Dismiss, did the Bankruptcy Court commit reversible error by interpreting the Stipulation and Management and Servicing Agreement by and between FSQ's predecessors in interest and certain of the IHS Defendants, dated July 10, 2000 (the "Management Agreement") to authorize the IHS Defendants and/or HHS to compromise the rights of FSQ to resolve the HHS' alleged False Claims Act claims?

7.    In granting HHS' Motion to Dismiss and the IHS Defendants' Motion Summary Judgment (the "IHS Motion for Summary Judgment") did the Bankruptcy Court commit reversible error by interpreting the IHS Defendants' obligations under the Management Agreement and other pertinent documents as limited to merely paying over monies received, rather than including an affirmative duty to collect funds and not compromise FSQ's right to monies due to FSQ for interim period service?

8.    In granting IHS' Motion for Summary Judgment, did the Bankruptcy Court commit reversible error?

9.    In granting HHS' Motion to Dismiss, did the Bankruptcy Court commit reversible error by finding that the $19.1 million claim of HHS has been (or will be) satisfied by a setoff against amounts due to the IHS Defendants and claimed by FSQ for interim period services pursuant to the Settlement Agreement by and between FSQ's predecessors in interest and certain of the IHS Defendants, dated as of April 11, 2000, as amended and the Management Agreement?

10.    In granting IHS' Motion to Dismiss, did the Bankruptcy Court properly dismiss FSQ's claim of unjust enrichment?

11.    In granting IHS' Motion for Summary Judgment, did the Bankruptcy Court commit reversible error when it interpreted the Stipulation in a manner which renders material terms of the Management Agreement void and/or meaningless?

12.    In granting IHS' Motion for Summary Judgment, did the Bankruptcy Court commit reversible error in its interpreting paragraph 3 of the Stipulation as constituting a waiver of all monies owed as of the date FSQ received its license?

Mark Minuti (No. 2659)
Jeremy W. Ryan (No. 4057)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840
(302) 421-5873 (fax)

- and -

Gayle P. Ehrlich
Jeffrey E. Francis
**SULLIVAN & WORCESTER LLP**
One Post Office Square
Boston, MA 02109
(617) 338-2800

Counsel for FSQ, Inc., f/k/a Five Star
Quality Care, Inc., *et al.*

Dated: January 26, 2007